**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**James T. MARSHALL, Jr., Respondent.**

Supreme Court of Kentucky.

March 10, 1981.

Leslie G. Whitmer, Director, Michael M. Hooper, Asst. Director, Kentucky Bar Ass'n, Frankfort, for complainant.

Frank E. Haddad, Jr., Louisville, for respondent.

## OPINION OF THE COURT

In early December 1974 respondent was employed by Nannie Mitchell to represent her to dissolve her marriage. Respondent then filed a divorce petition.

On February 6, 1975, respondent was instructed by his client to stop the proceedings. She later changed her mind and ordered him to proceed. What transpired after that is the subject of conflicting accounts. Mrs. Mitchell stated that she never told respondent to stop the divorce, but called several times over the next year to find out what progress had been made. Respondent, on the other hand, stated that he had been instructed to drop the matter.

In March 1978 Mrs. Mitchell moved to North Carolina and employed an attorney there to prepare her will. That attorney unsuccessfully attempted to locate respondent to ascertain the status of the divorce. The attorney also sent a letter to the Kentucky Bar Association (KBA), notifying it of the situation and seeking information as to respondent's whereabouts. The KBA sent a letter to respondent regarding his client's concern. He immediately filed the commissioner's findings with respect to the divorce action and paid the commissioner's fees.

On January 5, 1979, this court ordered respondent suspended from the practice of law for non-payment of bar dues. In June of that year, Mrs. Mitchell spoke with respondent by telephone, during which conversation he stated that he would soon finalize her divorce. On August 22, 1979, he sent a letter to the KBA apologizing for the delay. Five days later he filed a motion and final decree in the case even though his suspension was still in effect.

On September 19, 1979, this court issued an order requesting respondent to appear to explain his filing of the papers while under suspension. Respondent appeared before this court on October 24, 1979, at which time he was found in contempt. Respondent's conduct, however, was deemed unwillful and no penalty was imposed.

The KBA conducted a hearing on April 15, 1980. Based on the findings of the trial commissioner, the KBA Board of Governors found in essence that:

1. The respondent neglected a legal matter entrusted to him;

2. The respondent violated this court's order suspending him from the practice of law when on August 27, 1979, he filed papers which finalized Nannie Mitchell's divorce;

3. By filing these documents with the court, the respondent misrepresented to the circuit court that he was Nannie Mitchell's attorney, even though respondent knew that he had been suspended from the practice of law by order of this court entered January 5, 1979;

4. The respondent did not inform Nannie Mitchell that he had been suspended from the practice of law.

The Board of Governors concluded that respondent's conduct, taken as a whole, constituted unethical and unprofessional conduct tending to bring the bench and bar into disrepute. Having reviewed the record, this court reaches the same conclusion as the Board of Governors in recommending a one-year suspension.

The respondent, James T. Marshall, Jr., is hereby suspended from the practice of law for a period of one year from the date of entry of this opinion and ordered to pay the costs of this proceeding pursuant to SCR 3.450. Respondent shall comply with the provisions of SCR 3.390.

All concur.